UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

MONICA GARCIA
an individual,

    Plaintiff,

vs.

NYRSTAR US, INC.,
a Delaware for profit corporation,

    Defendant,
_____/

# COMPLAINT

Plaintiff, MONICA GARCIA (hereinafter "Garcia"), by and through her undersigned attorney, sues Defendant, NYRSTAR US, INC., a foreign profit corporation (hereinafter "NYRSTAR US") who alleges, on behalf of herself as follows:

## INTRODUCTION AND PARTIES

1. Plaintiff was an employee of NYRSTAR US She is bringing this action against NYRSTAR US to challenge its policy and practice of failing to pay its staff overtime.

2. NYRSTAR US. is a Delaware for Profit Corporation and is an integrated mining and metals business with operation in Europe, North and South America, China and Australia.

3. NYRSTAR US owns mines in Peru, the United States, Mexico, Chile, Honduras and Canada.  NYRSTAR has a zinc streaming agreement in Finland.  NYRSTAR US melts metal in France, Belgium, the United States, the Netherlands and Australia. NYRSTAR US also has interests in exploration projects in Greenland and Chile and zinc die casting plants in China.

4. NYRSTAR US at all relevant times had gross operating revenues in excess of $500,000.00.

5. NYRSTAR US at all relevant times was engaged in "interstate commerce" within the meaning of 29 U.S.C. sec. 203.

6. NYRSTAR US had employees handling, selling or otherwise working on goods and materials that had been moved in or produced for commerce within the meaning of 29 U.S.C. sec. 203.

7. At all relevant times, NYRSTAR US has operated in this judicial District, has had a place of business in Broward County and employed the Plaintiff's in this judicial district.

8. NYRSTAR US is an "employer" as the term is used in sec. 203(d) of the FLSA.

9. Garcia was employed as Administrative Assistant in their Human Resources department. Plaintiff Garcia was at all relevant times a resident of the Southern District of Florida and was employed at NYRSTAR US's offices in Broward County. At all relevant times she was an "employee" as that term is used in sec. 203(d) of the FLSA.

10. In performing her duties for NYRSTAR US Garcia engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. sec. 203(b) in that Garcia (i) used goods and products that had been moved or produced in the interstate commerce, (ii) provided services to clients who reside in states other than Florida, (iii) provided clients with services paid for by private persons or entities from outside the State of Florida.; and/or (iv) used the modalities of interstate communication in the performance of her job duties including but not limited to the telephone, fax, U.S. mail and/or internet.

11. Despite the fact that Plaintiff spent the vast majority of her time performing non-exempt tasks, NYRSTAR US refused to pay her overtime.

12. Plaintiff seeks to receive (i) full compensation on her own behalf for all unpaid overtime under the FLSA, (ii) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA and (iii) recover reasonable attorneys' fees and costs of the action, as provided by Section 16(b) of the FLSA.

## JURISDICTION

13. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. sec. 1331 because they raise questions of federal law.

## VENUE

14. Venue as to NYRSTAR US is proper in this Court because the events giving rise to Plaintiff's claim occurred within this judicial district and because NYRSTAR US has conducted business within this judicial district.

## COUNT ONE - UNPAID OVERTIME

15. Plaintiff re-alleges and incorporates the above paragraphs 1 through 4 as though fully set forth herein.

16. Section 207(a)(1) provides as follows:

> Except as otherwise provided in this section, no employer shall employ any of her employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless each such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

17. NYRSTAR US across-the-board policy of classifying the Plaintiff as exempt from overtime pay entitlements is unlawful. At no relevant time did the Plaintiff primarily engage in

exempt duties. Neither the executive exemption under 29 U.S.C. C.F. R. 541.1, the administrative exemption under 29 C.F.R. 541.2, the professional exemption under 29 C.F. R. 541.3, nor the outside sales exemption under 29 C.F.R. 541.506 precludes Plaintiff from asserting her right to overtime pay. Plaintiff did not regularly exercise discretion and independent judgment in carrying out her job duties, and had no discretion in making company policy.

19. Plaintiff has worked overtime hours for NYRSTAR US without being paid overtime premiums in violation of the FLSA.

20. NYRSTAR US has willfully violated the FLSA. As a result, NYRSTAR US is liable to the Plaintiff for liquidated damages in an amount equal to the wages NYRSTAR US has failed to pay as a result of the foregoing violation.

21. Plaintiff is entitled to all of the overtime wages that she is owed, as well as costs and attorneys' fees she expended in bring this action to recover her unpaid wages.

WHEREFORE Plaintiff requests compensatory and liquidated damages and reasonable attorneys' fees from the Defendant pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing to Plaintiff for her entire employment period with the Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. Plaintiff is also entitled to injunctive relief restraining Defendant from committing any future FLSA violations. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for the unpaid overtime, and any all other relief which this Court deems reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated this 25th day of June, 2015.

        Respectfully Submitted,

        SIMON, SCHINDLER & SANDBERG LLP
        *Attorneys for Plaintiff*
        2650 Biscayne Boulevard
        Miami, FL 33137
        Tel: (305) 576 1300
        Fax: (305) 576 1331
        E-Mail: afalzon@miami-law.net

        /s/ *Anthony V. Falzon*
        Anthony V. Falzon, Esquire
        Fla. Bar No. 69167